UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| SELSO PALMA ULLOA | ) |
| ORLIN NAHUM SANCHEZ HERNRIQUEZ | ) |
| MANUEL EDGARDO MEJIA MENDEZ | ) |
| JOSE GUADALUPE HERNANDEZ ENAMORADO | ) |
| NATAN JOEL ORELLANA MENDEZ | ) |
| JULIO CESAR GUTIERREZ | ) |
| JORGE HUMBERTO VASQUEZ | ) |
| JORGE ALBERTO DOMINGUEZ MADRID | ) |
| FAREN OBED URRUTIA RAMIREZ | ) |
| ERICK JOEL ULLOA AMAYA | ) |
| MARVIN ALEXANDER BUEZO CABALLERO | ) |
| BAYRON ALBERTO CHAVEZ MUNGUIA | ) |
| CRISTIAN EDGARDO TINOCO BUESO | ) |
| WALTER ANTONIO BRIZUELA GARCIA | ) |
| DILIO CRUZ VASQUEZ | ) |
| OSMON GERALDO GOMEZ | ) |
| ELDER DOMINGO MADRID SAAVEDRA | ) CIVIL ACTION No.: |
| WILMAN NOEL MARTINEZ LARA | ) 8:15-cv-02690-SCB-EAJ |
| RENE ARDON VILLEDA | ) |
| ALEX DANIEL ULLOA AMAYA | ) |
| DEBLIN OVIDIO LOPEZ HERNANDEZ | ) |
| WILBER LISANDRO BENITEZ PORTILLO | ) |
| MANUEL ENAMORADO | ) |
| ELMER ENAMORADO | ) |
| JULIO CESAR SALMERON | ) |
| OSCAR RENATO ANARIBA ULLOA | ) |
| MARVIN ALEXANDER CASTRO ALVAREZ | ) |
| HENRY BLADIMIR ACOSTA RUIZ | ) |
| RUFINO QUINTERO AMAYA | ) |
| JOSE MELVIN VASQUEZ DOMINGUEZ | ) |
| EDVIN PINEDA TINOCO | ) |
| JONATAN FELIPE AMAYA BENITEZ | ) |
| CELSO LARA RODRIGUEZ | ) |
| RUBEN CASTRO CASTRO | ) |
| EVELIO HERNANDEZ AGUILAR | ) |
| OSCAR AMILCA GUERRA | ) |
| NERY JOEL CANO | ) |
| MARCO TULIO SANTOS GARCIA | ) |
| NOEL ANTONIO DIAZ | ) |

OSCAR DANILO LOPEZ VASQUEZ                          )
GILBERTO MATIAS NOLASCO LOPEZ                       )
MERLIN NOE ALVARADO MEDRANO                         )
MANUEL DE JESUS HERNANDEZ AMAYA                     )
MERLYN RAUL RODRIGUEZ AMAYA                         )
EDUARDO ANTONIO CANO                                )
ORLYN GERARDO CASTRO DIAZ                           )
SANTIAGO ARNALDO ORELLANA MENDEZ                    )
JAIME ENRIQUE DOMINGUEZ MADRID                      )
RENSO RENERIE CASTILLO BLANCO                       )
ALEX CRUZ PONCE                                     )
DIONICIO MENCIA CHAVER                              )
OSMAN LEONEL GAMEZ RAMOS                            )
JULIO CESAR RAMOS                                   )
GILBERTO GARCIA ZELAYA                              )
JOSE LUCIO ALVARADO DUBON                           )
 ALEX RENE MEMBRENO REYES                           )
                                                    )
                                                    )
            Plaintiffs,                             )
                                                    )
v.                                                  )
                                                    )
FANCY FARMS, INC.,                                  )
                                                    )
            Defendant.                              )
_____ )

## FIRST AMENDED COMPLAINT FOR DAMAGES, COSTS OF LITIGATION AND ATTORNEY'S FEES

### INTRODUCTION

1.   This is an action by fifty-six Honduran national workers who lawfully entered the United

States as guest laborers to harvest strawberries for Defendant Fancy Farms, Inc. ("Fancy Farms")

in Plant City, Florida during the 2013-2014 harvest season. Plaintiffs bring this action to recover

minimum wages due them under the Fair Labor Standards Act, 29 U.S.C. §§201 ("FLSA") and to

enforce their rights against unscrupulous labor recruiting as provided for in federal regulations and

as incorporated in their employment contracts with Defendant.  Defendant failed to contractually

forbid its foreign labor contractor from seeking or receiving payments from Plaintiffs and other prospective guestworkers.  As a result, Defendant's recruiter charged Plaintiffs and their fellow guestworkers exorbitant recruitment and hiring fees averaging in excess of $4000 per worker. Defendant failed to reimburse Plaintiffs for the mandatory recruitment fees charged to each Plaintiff by Fancy Farms' recruiter, resulting in Plaintiffs' earnings falling far below the minimum wage levels dictated by the H-2A regulations and the FLSA.

2.   Plaintiffs entered the United States pursuant to the temporary foreign agricultural worker program ("H-2A program") for employment with Fancy Farms during the 2013-14 strawberry harvest. The Plaintiffs were employed under contracts with Fancy Farms, the terms of which were primarily dictated by federal regulations. Among the specific regulatory terms incorporated into the work contract was a promise by Fancy Farms that it would abide by the requirements of the regulations at 20 C.F.R. §500.135, including 20 C.F.R. §500.135(k), which required Fancy Farms to contractually forbid any recruiter "whom the employer engages, either directly or indirectly, in international recruitment of H-2A workers to receive payments or other compensation from prospective employees."  During the 2013-2014 strawberry harvest season, Fancy Farms breached this provision by failing to take affirmative and specific action to contractually prohibit its recruiter, All Nations Staffing, from seeking and receiving such payments.

3.   Plaintiffs seek an award of money damages to make each of them whole for damages suffered as a result of Defendant's violations of the law and contractual breaches.

## JURISDICTION

4.   Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b), this action arising under the FLSA; and by 28 U.S.C. §1331, this action arising under the laws of the United States. The court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. This Court has

supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367, because these state law claims are so closely related to the federal claims that they form part of the same case and controversy.

## VENUE

5.  Venue is proper in this District Court pursuant to 28 U.S.C. §§1391(b) and (c).   The Defendant resides in this district and the cause of action arose in this district.

## PARTIES

6.  Plaintiffs are citizens of Honduras who were admitted to the United States on a temporary basis pursuant to 8 U.S.C. §1101(a)(15)(H)(ii)(a) to hand-pick strawberries for Defendant during the 2013-2014 Florida strawberry harvest. At all times relevant to this action, Plaintiffs were employed in the production of goods for interstate commerce, within the meaning of the FLSA.

7.  Defendant is a Florida corporation with its principal address in Hillsborough County, Florida. Defendant grows strawberries in Hillsborough County, Florida for commercial sale in interstate commerce. These strawberries are picked by hand and require a substantial number of farmworkers during the harvest season. At all times relevant to the action, Defendant employed Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(d), and the H-2A regulations, 20 C.F.R. §§655.100 *et seq*.

## FACTS

8.  Under the H-2A program, an agricultural employer in the United States may import aliens to perform labor of a temporary nature if the U.S. Department of Labor certifies that (1) there are insufficient available workers within the United States to perform the job, and (2) the employment of aliens will not adversely affect the wages and working conditions of similarly-situated U.S.

workers. 8 U.S.C. §§1101(a)(15)(H)(ii)(a) and 1188(a)(1) (2013), and 20 C.F.R. § 655.100 (2013). Aliens admitted in this fashion are commonly referred to as "H-2A workers."

9.   Agricultural employers seeking the admission of H-2A workers must first file a temporary labor certification application with the U.S. Department of Labor. 20 C.F.R. §§655.0(a)(2), 655.102 and 655.103. This application must include a job offer, commonly referred to as a "clearance order," complying with applicable regulations, which is used in the recruitment of both U.S. and H-2A workers. 20 C.F.R §§655.0(a)(2), 655.102(b), and 655.103 (2013). The essential terms of the clearance order are dictated by federal regulations at 20 C.F.R. §§655.102, 655.103, 655.122, 655.135 and 653.501.

10. The clearance order also functions as an employment contract between the agricultural employer and H-2A workers, in accordance with 20 C.F.R. §655.122(q).

11. In 2013, Defendant filed a temporary labor certification application seeking 175 workers for the 2013-2014 strawberry harvest season.

12. As part of the temporary labor certification application described in Paragraph 9, Defendant submitted a clearance order to the U.S. Department of Labor, which contained a certification that the order described the actual terms and conditions of employment being offered, and contained all material terms of the job, as required by 20 C.F.R. §653.501(d)(3). The clearance order functioned as an employment contract between Defendant and Plaintiffs, in accordance with 20 C.F.R. §655.122(q).

13. The U.S. Department of Labor accepted the temporary labor certification application and employment contract submitted on behalf of Defendant and circulated the clearance order to local job service offices in an effort to recruit U.S. workers to fill the positions offered. The Chicago National Processing Center of the U.S. Department of Labor later granted Defendant's temporary

labor certification application in full and certified the admission of 175 foreign workers to fill the positions described in the clearance order. The Customs and Immigration Services of the Department of Homeland Security issued H-2A visas to fill the manpower needs described in the clearance order.

14. The clearance order explicitly stated that "[e]mployer agrees to abide by the regulations as set forth at 20 C.F.R. 655.135." This included the obligations imposed by 20 C.F.R. §655.135(k), which required Defendant to contractually forbid any recruiter or agent of such recruiter whom it engaged, either directly or indirectly, in international recruitment of H-2A workers to seek or receive payments or other compensation from prospective employees.

15. Defendant contracted with All Nations Staffing, LLC (ANS) to recruit and furnish H-2A workers to fill the strawberry-harvesting positions described in the farm's temporary labor certification applications.

16. The Defendant failed to contractually forbid ANS to seek or receive payment of any kind from the Plaintiffs and other individuals. ANS subsequently recruited and hired Plaintiffs and other individuals in Honduras to fill these positions.

17. ANS required as a condition of hire that each Plaintiff pay a "guarantee" of between $3,000.00 and $4,500.00. ANS stated that this sum was to ensure that each of the workers would not abscond from their positions with Defendant. These sums were deposited by Plaintiffs into bank accounts designated by ANS. Plaintiffs were told by ANS that these funds would be returned to them upon completion of the harvest season.

18. ANS arranged for appointments for Plaintiffs with the United States embassy in Tegucigalpa, Honduras. After being interviewed by the embassy staff, Plaintiffs were issued H-2A visas to work in the 2013-14 Florida strawberry harvest. Plaintiffs were issued visas for

employment with Defendant.  Plaintiffs traveled to the United States and were employed

harvesting strawberries in Hillsborough County as provided for in the temporary labor certification

application filed by Defendant.

19. The recruitment costs incurred by Plaintiffs in preparation for working for Defendant, as

described in Paragraphs 16 through 18, were incurred primarily for the benefit of Defendant.

Plaintiffs were not reimbursed for this expense during the first week of their employment with

Defendant, or at any later time. As a result of incurring this pre-employment expense, Plaintiffs'

wages for their first workweek during the 2013-14 strawberry harvest were less than the federal

minimum wage rate and the applicable adverse effect wage rate.

20. As described in Paragraph 14, as a term of its temporary labor certification, Defendant

promised to contractually forbid any recruiter or agent of such recruiter in international recruitment

of H-2A workers to seek or receive payments or other compensation from the Plaintiffs.

21.  Defendant violated 20 CFR 655.135(k) and breached its employment contract with

Plaintiffs by failing to contractually forbid ANS to charge the recruitment fees as described in

Paragraph 16.

## CLAIMS FOR RELIEF

## COUNT I

## FAIR LABOR STANDARDS ACT (FLSA)
### 29 .S.C. § 206(a)

22. This count sets forth a claim for damages by Plaintiffs for Defendant's violations of the

minimum wage provisions of the FLSA

23. Defendant violated the minimum wage provisions of the FLSA, 29 U.S.C. §206(a), by

failing to pay Plaintiffs at least $7.25 for every compensable hour for each workweek during the

2013-14 strawberry harvest

7

24. The violations of the FLSA as set out in Paragraph 23 resulted from Defendant's failure to fully reimburse Plaintiffs during their first week of employment for facilities primarily benefitting Defendant, including the recruitment costs as set out in Paragraph 13.

25. As a consequence of Defendant's violations of the FLSA as set out in this count, each Plaintiff is entitled to his unpaid minimum wages, plus an additional equal amount in liquidated damages, pursuant to 29 U.S.C. §216(b).

## COUNT II

## BREACH OF CONTRACT

26. This count sets forth a claim by Plaintiffs for damages arising from Defendant's breaches of the employment contract.

27. Defendant breached its employment contract with Plaintiffs by providing terms and conditions of employment that were materially different from those in the employment contract, including the following:

   a. Defendant failed to comply with the FLSA, as set out in Paragraphs 20 and 24;

   b. Defendant failed to comply with the incorporated U.S. Department of Labor regulations, as set out in Paragraph 16 through 18.

28. Defendant's breaches of its employment contract with Plaintiffs have caused Plaintiffs grave financial injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter an order:

a. Granting judgment in favor of Plaintiffs and against Defendant, on Plaintiffs' FLSA claims as set forth in Count I, and awarding each Plaintiff the amount of his unpaid minimum wages and an equal amount of liquidated damages;

b. Granting judgment in favor of Plaintiffs and against Defendant on the contract claims as set forth in Count II and awarding Plaintiffs their actual damages.

c. Awarding Plaintiffs the costs of this action;

d. Awarding Plaintiffs reasonable attorney's fee; and

e. Granting such further relief as this Court deems just and equitable.

Respectfully submitted,


_s/Andrea Ortega_
**Gladys Andrea Ortega, Esq.**
Florida Bar Number 97651
andrea.ortega@frls.org

_s/Sara Mangan_
**Sara Mangan, Esq.**
Florida Bar Number 0112071
sara.mangan@frls.org

Florida Rural Legal Services, Inc.
3210 Cleveland Ave. #101
Fort Myers, FL 33901
(239) 334-4554


_/s/ Karla C. Martinez_
Karla C. Martinez
Florida Bar No. 094674
e-mail: karla@floridalegal.org

_/s/ Gregory S. Schell_
Gregory S. Schell
Florida Bar No. 287199
e-mail: greg@floridalegal.org

Florida Legal Services, Inc.
MIGRANT FARMWORKER
JUSTICE PROJECT
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Telephone: (561) 582-3921
Facsimile: (561) 582-4884

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified.

**/s/ Andrea Ortega**

## SERVCE LIST

<u>Selso Palma Ulloa et al. v. Fancy Farms, Inc.</u>
Case No.: 8:15-cv-02690-SCB-EAJ

United States District Court
Middle District of Florida

**Gladys Ortega**
Telephone:  (239) 334-4554 ext. 4120
Email: andrea.ortega@frls.org

**Sara Mangan**
Telephone: (239) 334-4554 ext. 4113
Email: sara.mangan@frls.org

Florida Rural Legal Services
3210 Cleveland Avenue, Ste. 101
Fort Myers, Florida 33902
Telephone: 239-334-455
Fax: 239-334-3042

**Karla C. Martinez, Esq.**
e-mail: karla@floridalegal.org

**Gregory S. Schell, Esq.**
e-mail: greg@floridalegal.org

Florida Legal Services, Inc.
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Telephone: (561) 582-3921
Facsimile: (561) 582-4884

*Attorneys for Plaintiffs*

**David J. Stefany**
Email: dstefany@anblaw.com

**Allison R. Wallrapp**
E-mail: awallrapp@anblaw.com

Allen Norton & Blue, P.A.
Hyde Park Plaza – Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
Telephone: 813-251-1210
Fax: 813-253-2006

(Served via transmission of Notice of
Electronic Filing generated by CM/ECF)

*Attorneys for Defendant*
*Fancy Farms, Inc*