UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SELSO PALMA ULLOA,<br>ORLIN NAHUM SANCHEZ HERNRIQUEZ,<br>MANUEL EDGARDO MEJIA MENDEZ,<br>JOSE GUADALUPE HERNANDEZ ENAMORADO,<br>NATAN JOEL ORELLANA MENDEZ,<br>JULIO CESAR GUTIERREZ,<br>JORGE HUMBERTO VASQUEZ,<br>JORGE ALBERTO DOMINGUEZ MADRID,<br>FAREN OBED URRUTIA RAMIREZ,<br>ERICK JOEL ULLOA AMAYA,<br>MARVIN ALEXANDER BUEZO CABALLERO,<br>BAYRON ALBERTO CHAVEZ MUNGUIA,<br>CRISTIAN EDGARDO TINOCO BUESO,<br>WALTER ANTONIO BRIZUELA GARCIA,<br>DILIO CRUZ VASQUEZ,<br>OSMON GERALDO GOMEZ,<br>ELDER DOMINGO MADRID SAAVEDRA,<br>WILMAN NOEL MARTINEZ LARA,<br>RENE ARDON VILLEDA,<br>ALEX DANIEL ULLOA AMAYA,<br>DEBLIN OVIDIO LOPEZ HERNANDEZ,<br>WILBER LISANDRO BENITEZ PORTILLO,<br>JULIO CESAR SALMERON,<br>OSCAR RENATO ANARIBA ULLOA,<br>MARVIN ALEXANDER CASTRO ALVAREZ,<br>HENRY BLADIMIR ACOSTA RUIZ,<br>RUFINO QUINTERO AMAYA,<br>JOSE MELVIN VASQUEZ DOMINGUEZ,<br>EDVIN PINEDA TINOCO,<br>JONATAN FELIPE AMAYA BENITEZ,<br>CELSO LARA RODRIGUEZ,<br>RUBEN CASTRO CASTRO,<br>EVELIO HERNANDEZ AGUILAR,<br>OSCAR AMILCA GUERRA,<br>NERY JOEL CANO,<br>MARCO TULIO SANTOS GARCIA,<br>NOEL ANTONIO DIAZ,<br>OSCAR DANILO LOPEZ VASQUEZ,<br>GILBERTO MATIAS NOLASCO LOPEZ,<br>MERLIN NOE ALVARADO MEDRANO,<br>MANUEL DE JESUS HERNANDEZ AMAYA, | Case No. 8:15-cv-02690-SCB-EAJ |

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

MERLYN RAUL RODRIGUEZ AMAYA,
EDUARDO ANTONIO CANO,
ORLYN GERARDO CASTRO DIAZ,
SANTIAGO ARNALDO ORELLANA MENDEZ,
JAIME ENRIQUE DOMINGUEZ MADRID,
RENSO RENERIE CASTILLO BLANCO,
ALEX CRUZ PONCE,
DIONICIO MENCIA CHAVER,
OSMAN LEONEL GAMEZ RAMOS,
JULIO CESAR RAMOS,
GILBERTO GARCIA ZELAYA,
JOSE LUCIO ALVARADO DUBON and
ALEX RENE MEMBRENO REYES,

     Plaintiffs,

v.

FANCY FARMS, INC.,

     Defendant.

## ANSWERS AND AFFIRMATIVE DEFENSES TO
## PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW FANCY FARMS, INC. ("Fancy Farms" or "Defendant"), by and through

its undersigned counsel and pursuant to Rules 12(a) and 15(a)(3), Federal Rules of Civil

Procedure, hereby serves and files its Answers and Affirmative Defenses to the First Amended

Complaint filed by SELSO PALMA ULLOA and the other party plaintiffs listed above

("Plaintiffs") in this litigation.  With respect to each separately numbered paragraph of Plaintiffs'

First Amended Complaint for Damages, Costs of Litigation and Attorney's Fees ("Complaint")

(Dkt. 14), Defendant responds:

## INTRODUCTION

  1.  Without knowledge and therefore denied.

2.      It is admitted that Plaintiffs entered the United States pursuant to the H-2A program for employment with Fancy Farms during the 2013-2014 strawberry season.  It is further admitted that Plaintiffs were employed under the terms and conditions of written job offers with Fancy Farms, which upon acceptance by each of the Plaintiffs, became their work contract for the 2013-2014 strawberry season. It is further admitted that Fancy Farms did not enter into a written agreement with All Nations Staffing, LLC ("All Nations Staffing") or its principals which explicitly prohibited them from seeking recruitment fees from potential H-2A workers who would be offered employment by Fancy Farms for the 2013-2014 strawberry season.  The remaining allegations of Paragraph 2 otherwise are denied.

3.      Without knowledge and therefore denied.

## JURISDICTION

4.      It is admitted that this Court has jurisdiction over claims asserting a violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), under 28 U.S.C. § 1331. It is further admitted that this Court has discretionary supplemental jurisdiction over Plaintiffs' asserted state law claims under 28 U.S.C. § 1367. The allegations of Paragraph 4 otherwise are denied.

## VENUE

5.      Admitted for purposes of venue only. The allegations of Paragraph 5 otherwise are denied.

## PARTIES

6.      Without knowledge and therefore denied.

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION
383419_2.docx

7.      It is admitted that Fancy Farms is a Florida corporation with its principal address in Hillsborough County, Florida. It is further admitted that during the 2013-2014 strawberry season, Fancy Farms was an employer of temporary nonimmigrant agricultural workers admitted to the United States under the authority of 8 U.S.C. § 1101(a)(15)(H)(ii)(a) ("H-2A workers") to work for Fancy Farms, as the term "employer" is defined under 20 C.F.R. § 655.103(b). The allegations of Paragraph 7 otherwise are denied.

## STATEMENT OF FACTS

8.      It is admitted that the statements set forth in Paragraph 8 of Plaintiffs' Complaint are generally accurate statements regarding the federal immigration law program which allows for the temporary admission of aliens to the United states to work in agriculture under the provisions of 8 U.S.C. § 1188 and 8 U.S.C. § 1101(a)(15)(H)(ii)(a). The allegations of Paragraph 8 otherwise are denied.

9.      It is admitted that the statements set forth in Paragraph 9 of Plaintiffs' Complaint are generally accurate statements regarding the statutory and regulatory requirements for the temporary admission of aliens to the United States to work in agriculture under the provisions of 8 U.S.C. § 1188 and 8 U.S.C. § 1101(a)(15)(H)(ii)(a). The allegations of Paragraph 9 otherwise are denied.

10.     Admitted.

11.     It is admitted that Fancy Farms made the required filings with the United States Department of Labor to gain certifications for the employment of temporary foreign guestworkers for the 2013-2014 strawberry season. The allegations of Paragraph 11 otherwise are denied.

4

12.     It is admitted that Fancy Farms made the required filings with the United States Department of Labor to gain certifications for the employment of temporary foreign guestworkers for the 2013-2014 strawberry season. It is further admitted that the both H-2A Program filings made by Fancy Farms for the 2013-2014 strawberry season met the requirements of 20 C.F.R. § 653.501(d)(3). It is further admitted that the Agricultural and Food Processing Clearance Orders ETA Form 790 ("clearance orders") for the 2013-2014 strawberry season became the work contracts between Fancy Farms and those H-2A workers who were employed by Defendant harvesting strawberries during the 2013-2014 strawberry harvest. The allegations of Paragraph 12 otherwise are denied.

13.     It is admitted that the U.S. Department of Labor accepted the applications for temporary labor certification submitted by Fancy Farms for the 2013-2014 strawberry season. The allegations of Paragraph 13 otherwise are denied.

14.     It is admitted that the clearance orders submitted by Fancy Farms for the 2013-2014 strawberry season both state, *inter alia*, that neither "…. employer nor any of its agents have sought or received payment of any kind from any worker for any activity related to obtaining labor certification, including payment of the employer's attorney's fees, application fees, or recruitment cost, as prohibited by 20 CFR § 655.135(j)." It is further admitted that the clearance orders submitted by Fancy Farms for the 2013-2014 strawberry season both state, *inter alia*, that "…employer has contractually forbidden any foreign labor contractor or recruiter, if any, whom the employer engages, either directly or indirectly, in international recruitment of H-2A applicants to seek or receive payments from prospective workers."  The allegations of Paragraph 14 otherwise are denied.

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION
383419_2.docx

15.     It is admitted that Fancy Farms agreed to a written proposal for contract labor services submitted to it by the principals of All Nations Staffing regarding Fancy Farms' need for assistance with the H-2A Program for the 2013-2014 strawberry season.   The allegations of Paragraph 15 otherwise are denied.

16.     It is admitted that Fancy Farms did not contractually forbid the principals of All Nations Staffing from seeking or receiving payments of any kind from the Plaintiffs and other prospective workers.  The allegations of Paragraph 16 otherwise are denied.

17.     Without knowledge and therefore denied.

18.     It is admitted that the Plaintiffs were issued H-2A visas to work for Fancy Farms in the 2013-2014 strawberry season, and that the Plaintiffs traveled thereafter to the United States to be employed by Fancy Farms in Hillsborough County, Florida. The allegations of Paragraph 18 otherwise are denied.

19.     It is admitted that the Plaintiffs incurred certain pre-employment expenses which were the responsibility of Fancy Farms to reimburse during the workers' initial workweeks of employment, but Fancy Farms denies that the "recruitment costs" as described in Paragraphs 16 through 18 of Plaintiffs' Complaint were part of the pre-employment expenses which were primarily incurred for the benefit of Fancy Farms, within the meaning of the FLSA.   The allegations of Paragraph 19 otherwise are denied.

20.     It is admitted that the clearance orders submitted by Fancy Farms for the 2013-2014 strawberry season both state, *inter alia*, that neither "…. employer nor any of its agents have sought or received payment of any kind from any worker for any activity related to obtaining labor certification, including payment of the employer's attorney's fees, application

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

fees, or recruitment cost, as prohibited by 20 CFR § 655.135(j)." It is further admitted that the clearance orders submitted by Fancy Farms for the 2013-2014 strawberry season both state, *inter alia*, that "…employer has contractually forbidden any foreign labor contractor or recruiter, if any, whom the employer engages, either directly or indirectly, in international recruitment of H-2A applicants to seek or receive payments from prospective workers." The allegations of Paragraph 20 otherwise are denied.

21.     Denied.

## COUNT 1
## FAIR LABOR STANDARDS ACT (FLSA)
## 29 U.S.C. § 206 (a)

22.     Without knowledge and therefore denied.

23.     Denied.

24.     Denied.

25.     Denied.

## COUNT II
## BREACH OF CONTRACT

26.     Without knowledge and therefore denied.

27.     Denied.

28.     Denied.

## PRAYER FOR RELIEF

Fancy Farms denies that Plaintiffs are entitled to any of the relief requested in their asserted Prayer for Relief.

**ALLEN NORTON & BLUE, P.A.**
PROFESSIONAL ASSOCIATION

383419_2.docx

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

At all times relevant with respect to Plaintiffs' employment during the 2013-2014 strawberry harvest season, Fancy Farms sought to comply in good faith with all applicable provisions of the FLSA and its corresponding regulations. Accordingly, Plaintiffs are not entitled to liquidated damages for alleged FLSA violations, if any are proven to have occurred, during the 2013-2014 strawberry harvest.  29 U.S.C. §260.

### SECOND AFFIRMATIVE DEFENSE

Fancy Farms did not, at any time, authorize All Nations Staffing or its principals to collect recruitment or processing fees from the Plaintiffs, nor did Fancy Farms acquiesce to such a collection of recruitment or processing fees.

### THIRD AFFIRMATIVE DEFENSE

Fancy Farms gave no actual or apparent authority to All Nations Staffing nor to any of its principals to collect unauthorized recruitment or processing fees from any one or more of the Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

To the extent the Plaintiffs have been damaged by paying unauthorized recruitment or processing fees, any such damages have been caused by All Nations Staffing, Nestor Molina and/or Patrick Burns, whom Plaintiffs have failed to name as party defendants in this action. Accordingly, Plaintiffs' claims should be dismissed for failure to name one or more indispensable parties under Rule 19, Federal Rules of Civil Procedure.

## FIFTH AFFIRMATIVE DEFENSE

To the extent the Plaintiffs have been damaged by paying unauthorized recruitment or processing fees to Nestor Molina and/or Patrick Burns, Fancy Farms is not responsible for reimbursing Plaintiffs such unauthorized recruitment or processing fees, as any request for such fees by Nestor Molina and/or Patrick Burns was made outside of any agency authority known or authorized by Fancy Farms.

## SIXTH AFFIRMATIVE DEFENSE

To the extent the Plaintiffs seek to recover unpaid wages in this litigation, Plaintiff's claims are barred by the applicable statute of limitations. Section 95.11(4)(c), *Florida Statutes*.

Fancy Farms reserves the right to supplement this list of affirmative defenses as discovery proceeds in this litigation.

Dated this 28th day of March, 2016.                    Respectfully submitted,


*/s/ David J. Stefany*
DAVID J. STEFANY
Florida Bar No. 0438995
ALLISON R. WALLRAPP
Florida Bar No. 106779
*Counsel for Defendant*

**ALLEN NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210 | (813) 253-2006 – Fax
E-mail: dstefany@anblaw.com
            awallrapp@anblaw.com

**ALLEN NORTON & BLUE, P.A.**
PROFESSIONAL ASSOCIATION

383419_2.docx

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of March, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Gladys Andrea Ortega, Esq. *[andrea.ortega@frls.org],* Sara Mangan, Esq. *[sara.mangan@frls.org],* Karla C. Martinez, Esq. *[karla@floridalegal.org],* Gregory S. Schell, Esq. *[greg@floridalegal.org].*

/s/ *David J. Stefany*
ATTORNEY

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

383419_2.docx