UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SELSO PALMA ULLOA, *et al.*,

    Plaintiffs,

v.                                                      Case No.  8:15-cv-2690-T-24 AAS

FANCY FARMS, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on the parties' briefs regarding this Court's subject matter jurisdiction over the remaining breach of contract claims.  (Doc. No. 75, 76).  As explained below, the Court is satisfied that it has subject matter jurisdiction over the remaining claims.

**I.  Background**[1]

Fancy Farms is a Florida corporation based in Hillsborough County, Florida that produces hand-harvested strawberries for commercial sale.  To obtain a steady workforce for its strawberry operations, beginning with the 2013–14 strawberry season, Fancy Farms sought to employ foreign workers through the H-2A temporary agricultural guestworker program. To assist it in obtaining workers through the H-2A program, Fancy Farms hired Nestor Molina, a principal of All Nations Staffing ("ANS"), and his business partner, Patrick Burns, as employees on June 20, 2013.

---

[1] The background is taken from the Court's summary judgment order.  (Doc. No. 74).

At no time did Fancy Farms authorize Molina or Burns to request recruitment fees of prospective H-2A workers, or to accept recruitment payments from prospective workers. Fancy Farms did not, however, *contractually* forbid ANS, its principals, or its agents from seeking or receiving recruitment fees from prospective workers for the 2013–14 strawberry season, because Fancy Farms was not aware of any such federal requirement.

Fancy Farms submitted to the United States Department of Labor clearance orders, which served as the employment contracts between Plaintiffs and Fancy Farms. Within these documents, Fancy Farms declared that it would comply with federal regulations, including 20 C.F.R. § 655.135, which required Fancy Farms to contractually forbid any foreign labor contractor or recruiter whom it engaged in international recruitment of H-2A workers to seek or receive payments from prospective employees.[2]

Nevertheless, Plaintiffs paid recruitment fees of between $3,500 and $4,000 to various agents of ANS as a condition of hire with Fancy Farms. Fancy Farms did not reimburse Plaintiffs for any portion of the recruitment fees. As a result, Plaintiffs brought breach of contract claims based on Fancy Farms' breach of its obligation to contractually forbid any foreign labor contractor or recruiter whom it engaged in international recruitment of H-2A workers to seek or receive recruitment payments from prospective employees.[3] Plaintiffs contend that Fancy Farms' failure to abide by that requirement constituted a breach of Fancy

---

[2]Among the regulations included in that section is 20 C.F.R. 655.135(k), which provides, in pertinent part: "Contracts with third parties comply with prohibitions. The employer has contractually forbidden any foreign labor contractor or recruiter (or any agent of such foreign labor contractor or recruiter) whom the employer engages, either directly or indirectly, in international recruitment of H–2A workers to seek or receive payments or other compensation from prospective employees."

[3]Plaintiffs also brought claims under the Fair Labor Standards Act, but the Court granted Fancy Farms summary judgment on those claims.

Farms' separate employment contracts with Plaintiffs, which breach damaged Plaintiffs in the amount of the recruitment fees they had paid.

The Court granted summary judgment on Plaintiffs' breach of contract claims to the extent that any of the plaintiffs paid recruitment fees prior to June 20, 2013—the date that Fancy Farms entered into the recruitment contracts with Molina and Burns. Thus, the only claims that remain are the breach of contract claims asserted by Plaintiffs who paid recruitment fees after June 20, 2013.

## II. Subject Matter Jurisdiction

When this case was filed, this Court had federal question subject matter jurisdiction over this case due to the inclusion of Fair Labor Standards Act ("FLSA") claims. However, after granting summary judgment on the FLSA claims, the Court questioned whether it maintains independent subject matter jurisdiction, or merely supplemental jurisdiction, over the remaining breach of contract claims. The Court directed the parties to brief this issue, noting that if only supplemental jurisdiction remains, the Court may dismiss this case pursuant to 28 U.S.C. § 1367(c)(3).

Fancy Farms responded that this Court only has supplemental jurisdiction over the remaining breach of contract claims. As such, Fancy Farms urges the Court to decline to exercise supplemental jurisdiction over those claims.

Conversely, Plaintiffs respond that this Court has federal question subject matter jurisdiction over the remaining claims, because those claims necessarily raise substantial issues of federal law regarding the proper interpretation of 20 C.F.R. § 655.135. Specifically, Plaintiffs contend that this Court must determine whether Fancy Farms' breach of its promise to comply with all federal regulations, including 20 C.F.R. § 655.135 (and contractually prohibit Molina

and Burns from seeking recruitment fees from Plaintiffs), gives rise to a viable breach of contract claim. Plaintiffs argue that this is an issue of first impression that should be decided by a federal court. Alternatively, Plaintiffs argue that this Court has supplemental jurisdiction over the breach of contract claims, and the Court should not decline to exercise that jurisdiction.

Upon consideration, the Court is persuaded by Plaintiffs' arguments. Whether Fancy Farms' breach of its promise to comply with all federal regulations, including 20 C.F.R. § 655.135 (and contractually prohibit Molina and Burns from seeking recruitment fees from Plaintiffs), gives rise to a viable breach of contract claim is an issue of first impression that should be decided by a federal court. Even if this Court lacks federal question subject matter jurisdiction over the breach of contract claims, the Court finds that it should not decline to exercise supplemental jurisdiction over them.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that this Court concludes that it has subject matter jurisdiction over the remaining breach of contract claims.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of August, 2017.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record