UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SELSO PALMA ULLOA, ET AL.,

    Plaintiffs,

v.

    Case No.: 8:15-cv-2690-T-24 AAS

FANCY FARMS, INC.,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Defendant's Motion to Tax Costs. (Doc. No. 97). Plaintiffs have not filed a response in opposition, and as such, the Court deems the motion to be unopposed. As explained below, the motion is granted.

## **I. Background**

This case involved claims for violation of the Fair Labor Standards Act ("FLSA") and breach of contract due to Defendant's failure to contractually forbid All Nations Staffing, Nestor Molina, Patrick Burns, and their agents from seeking or receiving recruitment payments from prospective foreign labor employees, such as Plaintiffs. The Court granted summary judgment in favor of Defendant on the FLSA claim (Doc. No. 74) and granted judgment in favor of Defendant on the breach of contract claim (Doc. No. 95). This motion to tax costs followed.

## **II. Motion for Costs**

Defendant moves this Court for an award of $2,663.81 in costs. In reviewing Defendant's motion for costs, the Court is mindful of the following:

> A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. Congress has delineated which costs are recoverable under Rule 54(d), Fed.R.Civ.P. The Court has the discretion to award those costs

> specifically enumerated in 28 U.S.C. § 1920. The Court, however, may not tax as costs any items not authorized by statute. When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party.

Monelus v. Tocodrian, Inc., 609 F. Supp.2d 1328, 1332-33 (S.D. Fla. 2009)(internal citations omitted).

Plaintiffs have not filed a response brief objecting to any of the costs. The Court has reviewed the costs being sought and finds them to be allowable under § 1920, with the following minor corrections.

In its motion, Defendant seeks two types of costs: (1) costs for deposition transcripts, and (2) costs for photocopies. With respect to transcript costs, Defendant seeks costs for deposition transcripts of witnesses, which total $2,098.71 (not the $2,100.71 asserted in the proposed Bill of Costs—Doc. No. 98). With respect to photocopies, Defendant seeks reimbursement for 5,631 pages of photocopies at $0.10 per page. Defendant also seeks costs in the amount of $28.80 for the hearing transcript it obtained (Doc. No. 97-1, p. 11), and this amount appears not to be included in the amount of costs sought.

Thus, with the $2 decrease in transcript costs and the $28.80 increase for the hearing transcript, it appears that Defendant is actually seeking $2,690.61 in costs ($2,127.51 for transcripts and $563.10 for photocopies). Upon consideration, the Court finds that this amount is reasonable and should be awarded.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Tax Costs (Doc. No. 97) is **GRANTED.** Defendant is directed to file a new Bill of Costs for $2,690.61 by

February 16, 2018, which the Clerk will tax upon filing.

      **DONE AND ORDERED** at Tampa, Florida, this 9th day of February, 2018.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge