UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SELSO PALMA ULLOA, *et al.*,

    Plaintiffs,

v.                                                            Case No. 8:15-cv-2690-T-24 AAS

FANCY FARMS, INC.,

    Defendant.
_____/

**ORDER**

This cause is before the Court on Plaintiffs' Motion to Tax Costs. (Doc. No. 113). Defendant opposes the motion. (Doc. No. 115). As explained below, the motion is granted in part.

**I.  Factual Background**

Defendant Fancy Farms produces hand-harvested strawberries for commercial sale. To obtain a steady workforce for its strawberry operations, beginning with the 2013–14 strawberry season, Fancy Farms sought to employ workers through the H-2A temporary agricultural guestworker program. To assist it in obtaining workers through the H-2A program, Fancy Farms hired Nestor Molina, a principal of All Nations Staffing, and his business partner, Patrick Burns, as employees on June 20, 2013.

At no time did Fancy Farms authorize Molina or Burns to request recruitment fees from prospective H-2A workers, or to accept recruitment payments from prospective workers. Fancy Farms did not, however, *contractually* forbid Molina, Burns, or their agents from seeking or receiving recruitment fees from prospective workers, despite federal regulations requiring it to do

so. Plaintiffs (54 foreign laborers who are citizens of Honduras) paid recruitment fees in amounts between $3,000 and $4,000 to various agents of Molina as a condition of hire with Fancy Farms.

## II. Procedural Background

Plaintiffs asserted two claims against Fancy Farms: (1) violation of the Fair Labor Standards Act ("FLSA"), and (2) breach of contract. This Court granted summary judgment in favor of Fancy Farms on Plaintiffs' FLSA claim and granted partial summary judgment in favor of Fancy Farms on Plaintiffs' breach of contract claim. (Doc. No. 74). Thereafter, the parties filed a stipulation, in which they agreed that the Court's summary judgment order resulted in barring 28 of the 54 plaintiffs' breach of contract claims. (Doc. No. 83). Additionally, the parties agreed in the stipulation that the Court could resolve the remaining 26 plaintiffs' breach of contract claims based on the evidentiary record before it. (Doc. No. 83). As a result, the Court found in favor of Fancy Farms on all Plaintiffs' breach of contract claims. (Doc. No. 95).

Thereafter, Fancy Farms moved for an award of costs as the prevailing party. (Doc. No 97). The Court awarded costs to Fancy Farms in the amount of $2,690.61, which included $824.90 for Carl Grooms' (Fancy Farms' president) deposition. (Doc. No. 98, 99, 104).

Thereafter, Plaintiffs appealed this Court's rulings, and the Eleventh Circuit affirmed in part and vacated in part this Court's judgment. (Doc. No. 106). Specifically, the Eleventh Circuit affirmed the Court's judgment in favor of Fancy Farms on the FLSA claim. (Doc. No. 106). The Eleventh Circuit also affirmed this Court's judgment in favor of Fancy Farms as to 43 of the 54 plaintiffs' breach of contract claim. (Doc. No. 106). However, the Eleventh Circuit

vacated part of this Court's judgment to the extent that this Court found that the 11 Remaining Plaintiffs did not show that their recruitment payments were proximately caused by Fancy Farms' breach. (Doc. No. 106). The Eleventh Circuit then remanded the case for further proceedings as to the 11 Remaining Plaintiffs' breach of contract claim. (Doc. No. 106).

On remand, this Court concluded that causation existed and directed that judgment be entered in favor of the 11 Remaining Plaintiffs on their breach of contract claim. (Doc. No. 109). Thereafter, Plaintiffs filed the instant motion to tax costs in their favor.

### III. Motion to Tax Costs

Plaintiffs move this Court for an award of $14,513.15 in costs. In reviewing Plaintiffs' motion for costs, the Court is mindful of the following:

> A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. Congress has delineated which costs are recoverable under Rule 54(d), Fed.R.Civ.P. The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. The Court, however, may not tax as costs any items not authorized by statute. When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge

Monelus v. Tocodrian, Inc., 609 F. Supp.2d 1328, 1332-33 (S.D. Fla. 2009)(internal citations omitted).

Fancy Farms objects to the costs being sought. Accordingly, the Court will analyze each of the three categories of costs being sought.

3

### A. Filing Fee

First, Plaintiffs seek to recover the $400 filing fee for this case. Fancy Farms opposes this request to the extent that there are 54 plaintiffs in this case, 43 of which lost on both of their FLSA and breach of contract claims. As such, Fancy Farms argues that the Court should divide the $400 filing fee by 54 plaintiffs and award the 11 Remaining Plaintiffs their portion of the filing fee. The Court rejects this argument.

The plaintiffs in this case joined together to file one lawsuit, and pay one filing fee, for this case. Since the $400 filing would still have been paid if only the 11 Remaining Plaintiffs had filed suit, the Court awards Plaintiffs the entire $400 filing fee for the 11 Remaining Plaintiffs that prevailed on their breach of contract claim.

### B. Transcripts

Second, Plaintiffs seek to recover the cost of the deposition transcripts in this case—totaling $9,393.10. The only deposition that was necessarily obtained by Plaintiffs in order to successful pursue the breach of contract claim was the deposition of Carl Grooms.[1] The Court previously awarded Fancy Farms $824.90 for the cost of taking Grooms' deposition when Fancy Farms had been the sole prevailing party in this case. At this time, when both Fancy Farms and the 11 Remaining Plaintiffs are prevailing parties on different claims, the Court finds that neither party should be awarded the cost of Grooms' deposition, as it was necessary for the

---

[1] Depositions were taken of four of the plaintiffs that did not prevail on either the FLSA or breach of contract claims. Therefore, their depositions were not necessarily obtained by Plaintiffs for use in this case.

claims that each prevailed on. As such, the Court will award Plaintiffs $824.90 for Carl Grooms' deposition, so the net effect will be that neither side recoups the cost of his deposition.[2]

**C. Interpreter's Fees and Expenses**

Third, Plaintiffs seek to recover $4,720.05 for their interpreter's fees and expenses relating to depositions taken in both Tampa and Honduras. Grooms' deposition occurred in Tampa, along with the depositions of three other witnesses employed by Fancy Farms. The interpreter charged a flat daily rate of $600 in connection with the Tampa depositions. Since only the deposition of Grooms was necessarily obtained by Plaintiffs in order to partially succeed on the contract claim, only interpreter fees relating to Grooms' deposition could be recovered. However, had both sides asked for costs to the extent that they had prevailed, the Court would not have awarded costs relating to Grooms' deposition to either party. As such, the Court will not award Plaintiffs with the interpreter costs relating to Grooms' (or anyone else's) deposition.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiffs' Motion to Tax Costs (Doc. No. 113) is **GRANTED** to the extent that the Court awards Plaintiffs $1,224.90 in costs, consisting of the $400 filing fee and $824.90 towards the cost of Grooms' deposition.

---

[2]The Court notes that the cost of Grooms' deposition for Plaintiffs exceeds $824.90. However, the Court awards Plaintiffs $824.90 for his deposition to counter the $824.90 awarded to Fancy Farms for Grooms' deposition. Thus, the net effect is that neither party will recoup the cost of Grooms' deposition.

5

(2) Plaintiffs are directed to file a new Bill of Costs for $1,224.90 by August 5, 2019, which the Clerk will tax upon filing.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of July, 2019.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record